# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JEFFREY M. TOLIVER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| WAKEFIELD & ASSOCIATES, INC., ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant Wakefield & Associates, Inc.'s (Wakefield) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in its illegal efforts to collect consumer debts from Plaintiff Jeffrey M. Toliver (Plaintiff) allegedly owed by the Plaintiff to University Anesthesiologists, PLLC (hereinafter "UAP") and Southeastern Emergency Physicians, LLC (hereinafter "SEP") (collectively "Medical Debt Creditors").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and Wakefield transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Cocke County, Tennessee.

1

5. Wakefield is a for-profit foreign corporation (Colorado) registered to do business in Tennessee with a principal office located at 10800 E Bethany Dr, Aurora, CO 80014-2697 that maintains Incorp Services, Inc., 216 Centerview Dr, Ste 317, Brentwood, TN 37027-3226 as its registered agent.

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Wakefield is an agent of UAP and SEP and regularly engages in the business of using the mails and telephone system, sending collection letters, reporting to credit reporting agencies, including Experian, Equifax and TransUnion, paying the filing fees and process service fees to file state legal actions and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of state legal actions, or for it to sign as an agent for its clients, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Wakefield has alleged that Plaintiff incurred obligations to pay money arising out of transactions in which the money, property, insurance or services which are the subject of the transactions are primarily for personal, family or household purposes, and each obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely debts for medical services allegedly owed by Plaintiff to the Medical Debt Creditors (hereinafter "debts").

9. After default, the debts were assigned to Wakefield by the Medical Debt Creditors who the Plaintiff allegedly originally owed or were otherwise acquired by Wakefield for purposes of collection from the Plaintiff.

10. The Plaintiff is not aware of any contract he signed with UAP or SEP for them to provide him medical services. *See Massey v. Casals*, 2012 Tenn. App. LEXIS 901, *11-12, 2012 WL 6697594 (Tenn. Ct. App. 2012); *See also Discover Bank v. Henson*, 2008 Tenn. App, LEXIS 737, 2008 WL 5272530 at *3, (Tenn. Ct. App. 2008) (*perm. app. den*. Sup. Ct., June 15, 2009) ("[W]ithout a written contract signed by Defendant, Discover Bank may not recover attorney's fees or a contract rate of interest.")

11. The Plaintiff is not aware of any lawsuit that has been filed against him on behalf of UAP or SEP that demands damages in the form of prejudgment interest, and even if a lawsuit has been filed against him in an attempt to collect a debt, the Plaintiff is not aware of any court that has awarded UAP or SEP prejudgment interest.

12. Tenn. Code Ann. § 47-14-103(3) "provides the maximum effective rates of interest for certain transactions and states that for 'all other transactions,' the maximum effective rate of interest is ten percent (10%) per annum. . . . This statute does not authorize the assessment of interest on a debt; it provides the maximum interest rate if interest is to be assessed.[] Tennessee law does not provide a blanket 10% interest for all debts." *See Tiernan v. Capital Accounts, LLC*, 2017 U.S. Dist. LEXIS 101152 at *3 (M.D. Tenn., June 29, 2017).

13. Tenn. Code Ann. § 47-14-109 " provides guidance as to the date from which any interest assessed on certain debts shall accrue and then states that 'in all other cases,' the time from which interest is to be computed shall be the day when the debt is payable. . . . Again, the statute does not authorize assessment of interest on a debt; it provides the dates from which any such interest shall accrue. *See Tiernan, supra*, at *3-4.

14. In Tennessee, "[p]rejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." **See Tenn. Code Ann. § 47-14-123.**

15. An award of prejudgment interest is within the discretion of the trial court. *See Schoen v. J.C. Bradford & Co.*, 667 S.W.2d 97, 1984 Tenn. App. LEXIS 2605 (Tenn. Ct. App. 1984); *Teague Bros., Inc. v. Martin & Bayley, Inc.*, 750 S.W.2d 152, 1987 Tenn. App. LEXIS 3040 (Tenn. Ct. App. 1987); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 1992 Tenn. LEXIS 722 (Tenn. 1992), rehearing denied, -- S.W.2d --, 1993 Tenn. LEXIS 142 (Tenn. Mar. 29, 1993); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 1992 Tenn. LEXIS 722 (Tenn. 1992), rehearing denied, -- S.W.2d --, 1993 Tenn. LEXIS 142 (Tenn. Mar. 29, 1993); *Hartman v. State* -- S.W.3d --, 2003 Tenn. App. LEXIS 285 (Tenn. Ct. App. Apr. 14, 2003); *Harrison v. Laursen*, 128 S.W.3d 204, 2003 Tenn. App. LEXIS 545 (Tenn. Ct. App. 2003), appeal denied, -- S.W.3d --, 2004 Tenn. LEXIS 112 (Tenn. Feb. 2, 2004).

16. Tenn. Code Ann. § 47-14-123 "provides no help for Defendant either. That law provides that a court or jury may award prejudgment interest as an element of damages if permitted by the statutory or common laws of the state. . . . That statute clearly applies only if litigation is filed and the court enters judgment." *See Tiernan, supra*, at * 4.

17. The debts Wakefield is attempting to collect from Plaintiff for UAP or SEP did not involve a contract signed by Plaintiff with UAP or SEP and the debts never had interest added to them by UAP or SEP before they were assigned to Wakefield for collection from the

Plaintiff or that were otherwise acquired by Wakefield for purposes of collection from the Plaintiff.

### *Collection Communications*

18. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

### *Equifax, Experian, and TransUnion Credit Reports*

19. Equifax, Experian, and TransUnion are each a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) that regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to consumers and third parties.

20. Plaintiff obtained copies of his Equifax, Experian, and TransUnion credit reports, all dated May 27, 2020, which show that Wakefield is communicating information about the debts to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information.

21. Each reporting of the debt to Equifax, Experian, and TransUnion is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Fulk v. LVNV Funding LLC*, 55 Supp. 3d 967, 973 (E.D. Ky. 2014) ("The Sixth Circuit has assumed, without concluding, that reporting a debt to a credit agency constitutes a 'collection activity' under the FDCPA. *Purnell v. Arrow Fin'l Servs., LLC*, 303 Fed. Appx. 297, 304 n.5 (6th Cir. 2008); *See also Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d

492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. Equifax*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at *15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting debt information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

22. Wakefield has been communicating to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information that the Plaintiff owes a debt to UAP in the original amount of $117.00 (partial account # XXXXXX0608), which increased in the last year from the original amount to a balance of $134.00 in July 2019, to a balance of $135.00 in August 2019, and to a balance of $136.00 in September 2019, then decreased back to the original amount of $117.00 in October 2019, which amount has been reported until May 2020.

23. Wakefield has been communicating to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information that the Plaintiff owes a debt to SEP in the original amount of $921.00 (partial account # XXXXXX4881), which increased in the last year from the original amount to higher balances, as follows:

| MONTH | BALANCE |
| --- | --- |
| July 2019 | $ 998.00 |
| August 2019 | $1,000.00 |
| September 2019 | $1,005.00 |
| October 2019 | $1,016.00 |

| | |
|---|---|
| November 2019 | $1,021.00 |
| December 2019 | $1,028.00 |
| January 2020 | $1,037.00 |
| February 2020 | $1,044.00 |
| March 2020 | $1,051.00 |
| April 2020 | $1,059.00 |
| May 2020 | $1,066.00 |

24. Wakefield has been communicating to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information that the Plaintiff owes a debt to SEP in the original amount of $1,415.00 (partial account # XXXXXX2276), which increased in the last year from the original amount to higher balances, as follows:

| MONTH | BALANCE |
|---|---|
| July 2019 | $1,476.00 |
| August 2019 | $1,479.00 |
| September 2019 | $1,487.00 |
| October 2019 | $1,503.00 |
| November 2019 | $1,511.00 |
| December 2019 | $1,521.00 |
| January 2020 | $1,535.00 |
| February 2020 | $1,545.00 |
| March 2020 | $1,556.00 |
| April 2020 | $1,569.00 |

| | |
|---|---|
| May 2020 | $1,580.00 |

25. Each reporting of a debt by Wakefield to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information, is a communication by Wakefield in connection with collection of a debt that conveys information regarding the debt, including the name of the creditor alleged to be owed the debt and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Each reporting of a debt by Wakefield to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information, with the original creditor listed as UAP or SEP sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balances allegedly owed for medical services provided to the Plaintiff by UAP or SEP.

## FDCPA CLAIMS

27. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

28. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

29. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

30. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

31. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

32. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

***Wakefield's FDCPA Violations***

33. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.
34. By adding illegal interest attempting to collect interest on a debt when there is no contract signed by the Plaintiff allowing for the addition of interest to the principal amount, and by attempting to collect prejudgment interest when no judgment has been entered against the Plaintiff for a debt alleged to be owed to UAP or SEP that allowed the addition of

prejudgment interest as damages, Wakefield falsely represented the amount of the debts owed by the Plaintiff on the dates that Wakefield reported the debts allegedly owed to UAP or SEP.

35. By communicating to the Plaintiff, Equifax, Experian, TransUnion, and any other person or entity allowed to access the Plaintiff's Equifax, Experian, and TransUnion credit information, that the Plaintiff owes a greater amount than what he legally owes on the debts and that prejudgment interest may legally accrue on the debts until they are paid without entry of a court judgment that awards prejudgment interest, and by attempting to collect prejudgment interest on debts when there is no contract signed by the Plaintiff with UAP or SEP allowing for the addition of interest to the principal amount, Wakefield is:

   (a) causing actual damages to the Plaintiff by adding illegal interest to the amount of debt he owes, which lowers his credit score;

   (b) falsely representing the character, amount, and legal status of the debts owed by the Plaintiff and any compensation which may be lawfully received by Wakefield for collection of the debts, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10);

   (c) communicating credit information to the Plaintiff, Equifax, Experian, TransUnion, and any other party allowed to access Plaintiff's Equifax, Experian, and TransUnion credit report information, which is known, or which should be known to be false, in violation of 15 U.S.C. § 1692e(8); and

   (d) using unfair and unconscionable means to collect or attempt to collect any debt by collecting or attempting to collect any amount unless such amount is permitted by law, in violation of 15 U.S.C. §§ 1692f, and 1692f(1).

*Summary*

36. The above-detailed conduct by Wakefield in connection with collection of the debts and in an attempt to collect the debts was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-VII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)

38. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

39. Wakefield's foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiff.

40. As a result of Wakefield's FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Wakefield.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Wakefield:

### COUNT I-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Wakefield and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Wakefield and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Wakefield and for Plaintiff; and

- for such other and further relief, as may be just and proper.

07/12/20                          Respectfully submitted,

**JEFFREY M. TOLIVER**

s/     Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff